# In The United States Court of Federal Claims

No. 13-500C

(Filed: August 8, 2013)
_____

THE HANOVER INSURANCE
COMPANY,

              Plaintiff,

   v.

THE UNITED STATES,

             Defendant.
_____

**SPECIAL PROCEDURES ORDER**
_____

The parties are advised that all references in this order to the Rules of the United States Court of Federal Claims (RCFC) are local rules of this court, effective July 2, 2012.  Therefore, and pursuant to RCFC 1, 16, and 83(b), as well as Appendix A, it is ordered that each party shall comply with the following procedures:

**(1)    Document Preservation.**

The court hereby orders the parties to take all necessary action to preserve relevant evidence in this matter.  Violation of this provision may lead to the imposition of sanctions under RCFC 37 and this court's inherent authority.

**(2)    Motion to Dismiss/More Definite Statement Involving RCFC 9.**

In any motion to dismiss a complaint under RCFC 12(b) or for a more definite statement under RCFC 12(e), where the motion is based in whole or in part on plaintiff's alleged failure to comply with any of the requirements in RCFC 9(i)–(p), the moving party must include a certification that it has made a reasonable effort to discuss the motion with the opposing party and sought, in lieu thereof, a motion by the latter party under RCFC 15(a) to amend the complaint to remedy the alleged deficiency.

**(3)     Disclosure of Pending Litigation(s).**

In the preliminary status report required by RCFC Appendix A, ¶ 4, the parties shall indicate whether any other cases related to this litigation are pending in other jurisdictions.  This information is requested, in part, to determine whether any issues will arise in this case involving 28 U.S.C. § 1500; *see also United States v. Tohono O'odham Nation*, 131 S. Ct. 1723 (2011).

**(4)     Pretrial Rules**.

    (a)     Counsel shall familiarize themselves with the Rules of the United States Court of Federal Claims governing pretrial procedure, particularly RCFC 5-7 (subparts inclusive), 11, 16, and 26,  and Appendix A, in order to ensure full and timely compliance with applicable deadlines, filing procedures, and other requirements.  Note that the CFC rules, though designed to closely track the Federal Rules of Civil Procedure, are not identical to those rules.

    (b)     The court expects that defendant will not delay filing any motions to dismiss for lack of jurisdiction under RCFC 12(b)(1) and that it will thereby avoid unnecessarily interrupting the orderly flow of litigation and imposing unnecessary costs on plaintiff.  *See Northrop Grumman Computing Sys., Inc. v. United States*, 2011 WL 2508241 at * 8 (Fed. Cl. June 23, 2011).

**(5)     Electronic Digital Recording.**

Where electronic digital recording (EDR) is used to record a form of proceeding, the digital recording is the official court record and all references to the proceeding shall be to that record (*e.g.*, "Oral Argument of October 29, 2009, Argument of Ms. Smith  at 2:46:13 - 2:46:50").  Absent special circumstances, which should be raised in an appropriate motion, the court will only accept for filing transcripts containing the certification found in RCFC Form 3C.  A party requesting the latter form of transcript will not be permitted to recover the cost thereof.

**(6)     Communications with the Court**.

Unless invited or otherwise ordered by the court, communications with these chambers shall be by formal motion or other formal submission, filed with the clerk's office or in open court.  In particular, letters will not be accepted in lieu of motions without prior authorization.  Notwithstanding this provision, counsel may, at any time, jointly request a conference with the judge to discuss a dispute or other pending matter.  Scheduling needs or questions should be directed to Sak Im at (202) 357-6492.  Questions regarding CFC filing requirements and other standard court procedures should be directed to the clerk's office at (202) 357-6406.  Questions regarding the Case Management/Electronic's Case Filing (CM/ECF) system should be directed to the CM/ECF help desk at a toll free number at 866-784-6273 or at (202) 357-6402.

(7) **Enlargements of Time; Page Limits**.

    (a) **Enlargements**. The court intends to follow strictly any schedule established in the case and to apply strictly the rules regarding requests for enlargements of time. Requests for enlargement should be filed as early as possible, generally at least five business days in advance.

    The burden of establishing grounds for an enlargement is on the movant and motions are not granted automatically. Each request for an enlargement must specify the grounds. See RCFC 6.1. Requests for enlargement filed out of time are highly disfavored and will be granted only where a specific allegation of excusable neglect is substantiated. See RCFC 6(b). In addition, motions for enlargement filed out of time must contain a certification that:

        (i) in the case of a motion filed by counsel for the plaintiff, the client has been notified that the motion for enlargement is being filed out of time; or

        (ii) in the case of a motion filed by counsel for the defendant, the supervising Deputy Assistant Attorney General at the Department of Justice has been notified that the motion for enlargement is being filed out of time.

    In granting enlargements, the court may order that any further requests for enlargement be signed by both the attorneys of record and the party (or in the case of the defendant, the supervising Deputy Assistant Attorney General at the Department of Justice).

    (b) **Page Limits**. Briefs and memoranda in support of motions are limited in length as set forth in RCFC 5.4. Leave of court is necessary to exceed these page limits. RCFC 5.4. When requesting leave of court to exceed the page limit, counsel must specify the number of additional pages required.

(8) **Professional Conduct.**

At all times during this proceeding, counsels' conduct should be characterized by personal courtesy and professional integrity in the fullest sense of those terms. In fulfilling their duty to represent their clients vigorously as lawyers, counsel should be mindful of their obligations to the administration of justice. Conduct that may be characterized as uncivil, abrasive, abusive, hostile or obstructive impedes the fundamental goal of resolving disputes rationally, peacefully and efficiently. Such conduct will not be tolerated and may result in sanctions being imposed. See, e.g., RCFC 37.

(9) **Video-Conferencing, Electronic Courtroom and Court Website.**

Both video-conferencing and an electronic courtroom are available at the courthouse in Washington, D.C. The court is amenable to the use of these state-of-the-art facilities not only for trials with a venue in Washington, D.C., but also for status conferences and oral arguments. The

- 4 -

scheduling of these facilities should be coordinated with Sak Im at (202) 357-6492.  Technical questions concerning the court's video-conferencing equipment and the capacities of the electronic courtroom should be directed to the clerk's office at (202) 357-6406.  Other helpful information about the court, including a copy of the court's local rules, may be found at **www.uscfc.uscourts.gov**.

    **IT IS SO ORDERED.**

s/ Francis M. Allegra  
Francis M. Allegra  
Judge
