# In the United States Court of Federal Claims

Nos. 13-500C, 13-499C, 13-800C, 16-1187C
(Filed:  April 12, 2018)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| THE HANOVER INSURANCE COMPANY et al., | \* | |
| | \* | |
| | \* | |
| Plaintiffs, | \* | |
| | \* | Motion to Strike Portion of Expert Report |
| v. | \* | |
| | \* | |
| THE UNITED STATES, | \* | |
| | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

James M. Mulvaney, Morristown, NJ, and Michael H. Payne, Philadelphia, PA, for plaintiffs.

John H. Roberson, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Judge

Before the court is defendant's motion to strike, in part, the expert report of Tim Van Noy.  The motion was filed pursuant to Rules 26(a)(2)(B) and 37(c)(1) of the Rules of the United States Court of Federal Claims ("RCFC").  For the reasons stated below, the court denies defendant's motion.

### I.  BACKGROUND

The court recently set forth in detail the underlying facts such that only an abbreviated recitation is necessary here.  See Hanover Ins. Co. v. United States, 134 Fed. Cl. 51, 56-59 (2017).

Plaintiffs are Lodge Construction, Inc. ("Lodge"), a construction company located in Fort Myers, Florida, and The Hanover Insurance Company ("Hanover"), Lodge's surety.  Four cases make up this consolidated action:

- Lodge Construction, Inc. v. United States, No. 13-499C (Fed. Cl. filed July 22, 2013) ("Lodge I");

- Hanover Insurance Co. v. United States, No. 13-500C (Fed. Cl. filed July 22, 2013) ("Hanover I");

- Lodge Construction, Inc. v. United States, No. 13-800C (Fed. Cl. filed Oct. 15, 2013) ("Lodge II"); and

- Hanover Insurance Co. v. United States, No. 16-1187C (Fed. Cl. filed Sept. 22, 2016) ("Hanover II").

The allegations in each case arise under the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. §§ 601-613 (2006).[1]  Defendant filed answers to each complaint, and the answers did not include any affirmative defenses or counterclaims.

On April 5, 2017, Lodge moved to amend its complaint in Lodge II.  Defendant filed a notice of nonopposition on April 21, 2017 and the court granted Lodge's motion on April 24, 2017.

Before Lodge filed its amended complaint in Lodge II, defendant sought leave to amend its answers to the complaints in all four consolidated cases.  Specifically, defendant requested leave to amend its answers to add an affirmative defense and three counterclaims based on fraud. Defendant attached proposed answers as exhibits to its motion and emphasized that the proposed amended answers were identical with respect to the pleaded affirmative defense and fraud counterclaims.   Plaintiffs opposed the motion.

While defendant's motion to file amended answers was pending, Lodge filed its amended complaint in Lodge II on April 27, 2017.  In the amended complaint, Lodge increased the amount of damages sought and removed one claim.  Defendant filed an answer the next day asserting the affirmative defense that Lodge's claims are barred by illegality as a result of submitting a false claim.  Defendant also asserted fraud counterclaims against Lodge and Hanover for forfeiture and damages pursuant to the Special Plea in Fraud defense, 28 U.S.C. § 2514 (2012); the antifraud provision of the CDA, 41 U.S.C. § 604; and the False Claims Act, 31 U.S.C. § 3729 (2012).  Defendant's affirmative defense and counterclaims were identical to those proposed in defendant's motion for leave to file amended answers.  Lodge filed its answer to defendant's counterclaims on May 22, 2017, in which Lodge stated that defendant's answer was inappropriate and premature because defendant's motion for leave to file amended answers had yet to be resolved.

The parties exchanged expert reports on September 6, 2017—the deadline set by the court's discovery scheduling order.  Defendant disclosed Eric Schaeb's report ("Schaeb

---

[1]  All citations to the CDA are to the version of that statute in effect when Lodge executed its contract with the United States Army Corps of Engineers.  Congress has since updated and reorganized title forty-one of the United States Code.  See generally Pub. L. No. 111-350, 124 Stat. 3677 (2011).  The CDA is now codified at 41 U.S.C. §§ 7101-7109.  Id. at 3816.

Report"), which contained Mr. Schaeb's opinions regarding errors in plaintiffs' damages calculations.

Nine days after the parties exchanged expert reports, the court granted in part and denied in part defendant's motion for leave to file amended answers.  Defendant was granted leave to file amended answers in <u>Lodge I</u>, <u>Hanover I</u>, and <u>Hanover II</u>, but the request was denied as moot with regard to <u>Lodge II</u>.  The court determined that leave to amend in <u>Lodge II</u> had been warranted but was no longer necessary:  while the motion for leave was pending, defendant had filed an amended answer in that case incorporating the proposed changes.  Defendant filed its amended answers to the <u>Lodge I</u>, <u>Hanover I</u>, and <u>Hanover II</u> complaints on September 19, 2017.

After defendant filed its amended answers, plaintiffs moved to extend the deadlines for filing their answers and disclosing their rebuttal experts.  Plaintiffs explained that they needed additional time to (1) revise their claims to account for the calculation errors underlying defendant's counterclaims and described in more detail by defendant's experts and (2) prepare rebuttal reports addressing the calculation issues.  Over defendant's objection, the court granted plaintiffs' motion.

Defendant moved for reconsideration of the court's order granting plaintiffs additional time.  Defendant's principal argument was that plaintiffs sought additional time for an improper purpose:  using a rebuttal expert to set forth new and revised claims rather than countering defendant's expert.  The court declined to change its original decision but (1) required that plaintiffs limit their rebuttal expert report to its proper scope and (2) noted defendant could move to strike plaintiff's rebuttal report or seek leave to file a surrebuttal.

On December 1, 2017, the parties exchanged rebuttal expert reports.  The only rebuttal expert disclosure germane to this motion is plaintiffs' disclosure of Tim Van Noy's report ("Van Noy Report").  Mr. Van Noy began his report by stating that he was asked to opine on the Schaeb Report, noting that defendant alleged various forms of fraud, and explaining what defendant must show to prevail on such claims.  Mr. Van Noy proceeded to opine that Mr. Schaeb:

> (1)  identified, correctly, errors and mistakes made by Lodge in calculating its claims;

> (2)  did not allege or imply that Lodge's claims reflect fraud or a false claim;

> (3)  noted errors and mistakes made by Lodge that that do not exhibit the typical hallmarks of fraud or false construction claims; and

> (4)  overstated the issues with Lodge's design claim.

Shortly after plaintiffs disclosed the Van Noy Report, defendant filed a motion to strike the report except for the portion where Mr. Van discussed his fourth finding.[2]  Plaintiffs oppose the motion.  Briefing was completed on January 12, 2018, and the court deems oral argument unnecessary.

## II.  LEGAL STANDARD

A motion to strike is subject to the court's discretion.  See Fairholme Funds, Inc. v. United States, 134 Fed. Cl. 680, 687 (2017); see also Pride v. BIC Corp., 218 F.3d 566, 578 (6th Cir. 2000) ("[T]rial courts have broad discretion to exclude untimely disclosed expert-witness testimony.").  The analysis of the pending motion to strike is guided by RCFC 26(a)'s requirements for the disclosure of expert testimony and RCFC 37(c)'s guidelines regarding the effects of a failure to disclose.

Under RCFC 26, each "party must make [expert] disclosures at the times and in the sequence that the court orders."  RCFC 26(a)(2)(D).  The RCFC contemplate two types of expert disclosures:  affirmative and rebuttal.  Id.  Unlike an affirmative expert report, a rebuttal expert report must be "intended solely to contradict or rebut evidence on the same subject matter identified by another party . . . ."  RCFC 26(a)(2)(D)(ii).  The rebuttal opinion is appropriate even if it introduces new methods or uses new data so long as that information is targeted at rebutting an affirmative expert's report.  Deseret Mgmt. Corp. v. United States, 97 Fed. Cl. 272, 274 (2011).  Simply stated, "[t]he truest test for the admission of evidence in an expert rebuttal report is whether the evidence is specifically offered to rebut a conclusion, opinion, or datum put forth by the other side's expert."  Panasonic Commc'ns Corp. of Am. v. United States, 108 Fed. Cl. 412, 415 (2013).  A rebuttal report with opinions beyond the proper scope is properly categorized as an affirmative report and becomes subject to the disclosure deadline governing such reports.  Glass Dimensions, Inc. ex rel. Glass Dimensions, Inc. Profit Sharing Plan & Trust v. State St. Bank & Trust Co., 290 F.R.D. 11, 16 (D. Mass. 2013); see also Deseret Mgmt. Corp., 97 Fed. Cl. at 274 (discussing the differences between affirmative and rebuttal reports).

A party who fails to heed the court's disclosure deadlines "is not allowed to use [the untimely disclosed] information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."  RCFC 37(c)(1).  "The burden of establishing that a failure to disclose is substantially justified or harmless rests on the party who failed to make the required disclosure."  Cohen v. United States, 100 Fed. Cl. 461, 468 (2011) (quoting Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001)).[3]  "The court has 'broad discretion' to determine whether an untimely disclosure is

---

[2]  Subsequent references to the Van Noy Report refer only to the portions subject to the motion to strike.

[3]  The RCFC generally mirror the Federal Rules of Civil Procedure ("FRCP").  See, e.g., RCFC 26 committee's notes to 2008 amendment ("The language of RCFC 26 has been amended to conform to the general restyling of the FRCP."); RCFC 37 committee's notes to 2008 amendment ("The language of RCFC 37 has been amended to conform to the general restyling of the FRCP.").

substantially justified or harmless." Id. at 468.  In the absence of controlling precedent defining "substantially justified" or "harmless" in the context of RCFC 37(c)(1), judges in this court have generally considered the following factors—or some slight variation thereof—to determine whether the failure to timely disclose required information was substantially justified or harmless:

> (i) the importance of the expert testimony to be possibly excluded,
>
> (ii) the potential prejudice created by permitting the use of the expert testimony at trial,
>
> (iii) the ability to cure any prejudice by granting a continuance, and
>
> (iv) the offering party's explanation for failure to disclose.

Deseret Mgmt. Corp., 97 Fed. Cl. at 275; see also Banks v. United States, 75 Fed. Cl. 294, 298-99 (2007) (surveying different approaches before following a test similar to Deseret Management Corp.); Cohen, 100 Fed. Cl. at 469 (following Banks).  The first three factors are used to the evaluate harmlessness, and the fourth factor is used to analyze substantial justification.  Zoltek Corp. v. United States, 71 Fed. Cl. 160, 168 (2006).  This court agrees with and will apply the test as set forth above.

### III.  ANALYSIS

Defendant generally argues that the Van Noy Report should be struck because the disclosure was late and the untimeliness was neither harmless nor substantially justified. Specifically, defendant contends that the report is not a rebuttal because Mr. Van Noy opines on a new subject matter (fraud), the untimely disclosure was not substantially justified because plaintiffs had notice of the fraud claims, and the late disclosure was not harmless because defendant lacks an opportunity to respond.

Plaintiffs disagree.  Plaintiffs argue that their rebuttal report was timely because an opinion on fraud addresses the same subject matter of the Schaeb Report.  But even if the report was untimely, plaintiffs contend that the untimeliness was substantially justified because the fraud claims were added to the case after the deadline for disclosing affirmative experts. Plaintiffs also assert the delay was harmless because defendant can depose experts on the issues presented by the disputed opinion or file a surrebuttal with permission from the court.

### A.  Untimeliness

The court first examines whether plaintiffs timely disclosed the Van Noy Report by sharing it with defendant by the rebuttal expert deadline rather than the affirmative expert deadline.  The timeliness inquiry depends on whether the report is an affirmative or rebuttal report.

Defendant argues that the Van Noy Report is an affirmative report (and thus untimely) because the report's opinions are unrelated to those in the Schaeb Report. Specifically, defendant contends that the Van Noy Report's purpose is to introduce affirmative expert testimony that plaintiffs' claims were not fraudulent—an issue that Mr. Van Noy acknowledges is not addressed in the Schaeb Report.

Plaintiffs respond by arguing that the Van Noy Report is a rebuttal report because it is limited to a discussion of the Schaeb Report's findings, opinions, and conclusions. The underlying premise of plaintiffs' argument is that a rebuttal report can provide an opinion on a subject not in the affirmative report so long as both reports address the same subject matter. Plaintiffs frame Mr. Schaeb's opinion as identifying Lodge's errors and their effects on damages calculations while describing Mr. Van Noy's opinions as addressing whether Lodge's errors indicate fraud. Accordingly, plaintiffs contend that the reports address the same subject matter (the nature of the errors) such that the Van Noy Report is a proper rebuttal despite addressing an issue (fraud) not presented in the Schaeb Report.

In reply, defendant argues that plaintiffs rely on inapplicable case law for the proposition that a rebuttal report can opine on issues not addressed in the affirmative report.[4] Specifically, defendant argues that plaintiffs discuss cases where courts permitted a rebuttal report that offered opinions using different methodologies or more data even though the Van Noy Report did neither.

The court agrees with defendant that the Van Noy Report is untimely because it does not address the same subject matter as the Schaeb Report. Mr. Schaeb opines on whether Lodge committed errors when calculating its claimed damages. Rather than trying to explain or otherwise rebut the Mr. Schaeb's conclusions, the Van Noy Report accepts them and focuses on an issue not present in the affirmative expert report: whether Lodge's actions suggest fraud. Determining whether Lodge erred in its calculations and discussing whether such errors suggest fraud are opinions on distinct subject matters. Because the two reports address different subjects, the Van Noy Report is not a rebuttal to the Schaeb Report. See Panasonic Commc'ns Corp. of Am., 108 Fed. Cl. at 415.

The court is not persuaded by plaintiffs' argument that a rebuttal report can address opinions not present in the affirmative report. First, the argument is premised on one, nonprecedential decision—Murfam Farms, LLC v. United States, Nos. 06-245T, 06-246T, 06-247T, 2008 WL 4725468 (Fed. Cl. Sept. 19, 2008)—and plaintiffs' reading of the holding is contradicted by numerous decisions from other courts emphasizing that a rebuttal report must be directed at the analysis presented in the affirmative report, e.g., Panasonic Commc'ns Corp. of Am., 108 Fed. Cl. at 415 (explaining that a rebuttal report must rebut information set forth by the other side's expert). Second, Murfam Farms does not stand for the proposition, set forth by

---

[4] Defendant also argues in reply that the Van Noy Report is addressing an issue plaintiffs were able to anticipate by the affirmative expert deadline. But this argument is more appropriately considered responsive to the substantial-justification prong and will be addressed in that section. See infra Section III.B.

plaintiffs, that a rebuttal report can provide opinions untethered to those advanced in the affirmative report.  In Murfam Farms, the government moved to strike a rebuttal report for opining on an issue not present in the affirmative report:  whether the scheme at issue was a trade secret.  Murfam Farms, 2008 WL 4725468, at *5.  The court acknowledged that the affirmative report may not have opined on trade secrets but denied the motion because the disputed opinion was merely a different method of analyzing issues presented in the affirmative report.  Id.; see also Deseret Mgmt. Corp., 97 Fed. Cl. at 274 (summarizing Murfam Farms as "applying new, alternate analysis to calculate [the] same fee discussed in [affirmative] expert report").  Simply stated, Murfam Farms adhered to well-established law that a rebuttal report can use different methods to opine on an issue presented in the affirmative report.  See Deseret Mgmt. Corp., 97 Fed. Cl. at 274.

In sum, the Van Noy Report is not a rebuttal because the report does not explain, repel, counteract, or disprove the evidence proffered in the Schaeb Report.  Therefore, plaintiffs were required to disclose the report by the affirmative expert disclosure deadline, and plaintiffs' failure to do so makes the report untimely.  This conclusion, however, does not end the inquiry because an untimely report is still acceptable if the failure to timely disclose it was substantially justified or is harmless.

## B.  Substantial Justification

Having determined that the Van Noy Report was untimely, the court must address whether plaintiffs were substantially justified in the late disclosure.  To avoid the report being struck, plaintiffs must provide a "justification sufficient to satisfy a reasonable person that parties could disagree as to whether compliance with the disclosure requirement was required."  Zoltek Corp., 71 Fed. Cl. at 170; see Cohen, 100 Fed. Cl. at 468 (discussing burden).

Defendant argues that plaintiffs were not substantially justified in filing an untimely expert report because plaintiffs were on notice of defendant's fraud claims.  According to defendant, plaintiffs were on notice because defendant filed, before the deadline for disclosing affirmative experts, a motion seeking leave to amend its answers to assert fraud counterclaims and attached the proposed amended answers as exhibits to the motion.

Plaintiffs respond by arguing that defendant's counterclaims were not part of the case by the deadline for disclosing affirmative experts.  Although defendant had moved to amend its answers prior to the disclosure deadline, the court did not grant that motion until after the affirmative expert disclosures were due.  Therefore, plaintiffs contend they could not have known they would have to defend against fraud claims.  Plaintiffs also argue that the late report is substantially justified because they did not have access to the specific facts underlying defendant's fraud claims at the disclosure deadline.  Indeed, fact discovery on the fraud allegations began after the deadline for disclosing affirmative experts.

In reply, defendant argues that the fraud claims were part of the case by the affirmative expert disclosure deadline because defendant filed an amended answer with the claims responding to Lodge's amended complaint in Lodge II.  Because Lodge filed an amended complaint, defendant argues that its amended answer was filed as a matter of right such that the

motion to amend was moot as to the <u>Lodge II</u> case. Even if the amended answer was not permissible as a matter of right, defendant asserts that plaintiffs nonetheless acted as if the claims were part of the case by filing an answer to the counterclaims and requesting additional discovery time to investigate the basis for the claims.

The court must determine whether plaintiffs have established that the parties could reasonably disagree on whether the Van Noy Report had to be disclosed by the affirmative expert deadline. <u>See</u> <u>Zoltek Corp.</u>, 71 Fed. Cl. at 170. The affirmative expert deadline applied to the Van Noy Report only if Mr. Van Noy was addressing issues that were in the case by the disclosure deadline. <u>See</u> RCFC 26(b) (explaining that discovery is limited to matters relevant to a claim or defense). Thus, the dispositive issue is whether plaintiffs have demonstrated the reasonableness of their belief that defendant's fraud counterclaims (i.e., the subject of the Van Noy Report) were not part of the case by the disclosure deadline.

The only plausible basis for believing the counterclaims became part of the case by the deadline is that they came in through defendant's answer responding to the amended complaint in <u>Lodge II</u>. Indeed, defendant filed that answer prior to the disclosure deadline. But Lodge challenged the legality of defendant's filing through Lodge's answer to defendant's counterclaims, and the propriety of defendant's new answer remained a contested question until after the disclosure deadline. Based on this sequence of events, plaintiff could reasonably believe defendant's counterclaims were not part of the case by the affirmative expert disclosure deadline.

Defendant's arguments to the contrary are not persuasive. Defendant argues that plaintiffs' untimely disclosure is not substantially justified because plaintiffs answered the counterclaims and requested time to investigate the fraud allegations. While plaintiffs filed an answer and conducted discovery, plaintiffs' challenge to the validity of the filed counterclaims remained pending before the court. This belt-and-suspenders approach to litigation does not undermine the reasonableness of plaintiffs' belief regarding the counterclaims. <u>See</u> <u>United States v. Carona</u>, 660 F.3d 360, 369 (9th Cir. 2011) ("That some wear a belt and suspenders does not prove the inadequacy of either to hold up the pants, but only the cautious nature of the person wearing the pants." (quoting <u>Ortega–Gamboa v. Holder</u>, 388 F. App'x 580, 582 (9th Cir. 2010))).

The court also is not convinced by defendant's argument that plaintiffs acted unreasonably by not disclosing the Van Noy Report by the deadline despite being on notice that defendant intended to allege fraud counterclaims. Defendant references no case law supporting the proposition that a party must disclose an affirmative expert opining on a claim before that claim is part of the case. The lack of case law is not surprising given that plaintiffs arguably would have been barred from filing an expert report regarding claims not yet in the case. <u>See</u> RCFC 26(b) (limiting discovery to matters relevant to a claim or defense). Indeed, defendant's position is contrary to the principles of fairness and equality underlying discovery. <u>See</u> <u>Saltzman v. Fullerton Metals Co.</u>, 661 F.2d 647, 652 n.4 (7th Cir. 1981). Parties would be put in an untenable and disadvantaged position if they had to file an expert report before knowing (1) whether the court will allow the new claims to be filed and (2) what allegations are pled supporting the claims. Ultimately, the court is not convinced that mere notice of the possibility

of a forthcoming claim is sufficient to trigger a party's obligation to disclose an affirmative expert report on that claim or forever lose the opportunity to provide an expert opinion on the issue.

In sum, plaintiffs have satisfied their burden of showing that their failure to disclose the Van Noy Report by the affirmative expert disclosure deadline was substantially justified. Plaintiffs were under an obligation to disclose the report by the affirmative expert deadline only if the report related to a claim that was pending at the time. Plaintiffs, however, held the reasonable belief that there was no fraud claim properly before the court. Therefore, the court denies defendant's motion to strike the Van Noy Report because plaintiffs have shown substantial justification for not timely disclosing the report.

### C. Harmlessness

Although the court has determined that the late disclosure was substantially justified, the court nonetheless proceeds to the harmlessness analysis. See Carona, 660 F.3d at 369. This inquiry is guided by (1) the importance of the potentially excluded evidence, (2) the potential prejudice of allowing the disputed evidence, and (3) the ability to cure any prejudice. Deseret Mgmt. Corp., 97 Fed. Cl. at 275.

Defendant argues that the late disclosure of the Van Noy Report is not harmless because defendant has no opportunity to rebut the new opinions. Plaintiffs respond that the untimely disclosure is harmless because defendant can address any new opinions during expert depositions. Alternatively, plaintiffs contend that any harm will be ameliorated by defendant being provided the opportunity to file a surrebuttal. Defendant replies that the opportunity to (1) depose Mr. Van Noy does not cure the harm because defendant will still lack an expert rebuttal and (2) file a surrebuttal is inadequate because plaintiffs would retain the benefit of disregarding this court's discovery orders.

The court finds that the late disclosure is harmless. The Van Noy Report is important because it addresses the premise of the defendant's counterclaims: whether Lodge acted fraudulently. But the significance of this evidence is tempered by the contents of the report and the burdens associated with the counterclaims. Turning first to the contents, the Van Noy Report does not opine that Lodge's actions were not fraudulent but rather provides a narrower opinion: Lodge's errors do not exhibit the hallmarks of fraud. Otherwise stated, the report provides some (but not overwhelming) support for plaintiffs' defense. The burdens associated with the counterclaims also temper the importance of the Van Noy Report. Defendant bears the burden of proving each counterclaim, which means that the report is not critical to plaintiffs' defense because they could prevail without introducing any evidence. Based on the foregoing, the court concludes that that the exclusion of the Van Noy Report would preclude the consideration of moderately important evidence.

Furthermore, the allowance of the Van Noy report will not prejudice defendant. Defendant's argument that the schedule provides no opportunity to contradict the report is undermined by the scheduling order. Although the schedule does not provide defendant an opportunity to issue a rebuttal opinion, defendant can address the disputed opinion during expert

depositions.  E.g., Amos v. Makita U.S.A., Inc., No. 2:09-cv-01304-GMN-RJJ, 2011 WL 43092, at *4 (D. Nev. Jan. 6, 2011) ("A party is not harmed where, even though an expert disclosure fails to satisfy [FRCP] 26, the party knew about the expert, knew about the content of the expert's testimony, and had an opportunity to depose the expert."); cf. Frontline Med. Assocs. v. Coventry Health Care, 263 F.R.D. 567, 570 (C.D. Cal. 2009) ("Harmlessness may be established if a disclosure is made sufficiently in advance of the discovery cut-off date to permit the opposing party to conduct discovery and defend against the damages claims.").

To the extent defendant may be prejudiced, the harm is easily cured by providing permission to file a surrebuttal.  Indeed, the court previously contemplated a surrebuttal when informing defendant of potential remedies if plaintiffs' rebuttal expert provided an improper opinion.  A surrebuttal was viable then and remains so now.  Therefore, the court will provide defendant with ninety days from the date of this order to file a surrebuttal to the Van Noy Report. Plaintiffs will not be permitted to file a response to defendant's surrebuttal.

## IV.  CONCLUSION

The court has considered all of the parties' arguments.  To the extent not discussed in this opinion, the arguments are unpersuasive, without merit, or unnecessary for resolving the issues before the court.

Defendant has shown that the Van Noy Report was untimely because it functions as an affirmative report but was disclosed after the applicable deadline.  Plaintiffs, however, have shown that striking the report is not appropriate because the late disclosure was both substantially justified and harmless.  Given the late disclosure, the court will provide defendant the opportunity to file a surrebuttal addressing any issues in the Van Noy Report that cannot be appropriately addressed during expert depositions.

Accordingly, defendant's motion is **DENIED**.  Defendant may disclose a surrebuttal addressing the Van Noy Report **no later than Wednesday, July 11, 2018**.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge